# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| MOSES TREJO, Guardian of Estate of ALFONSO TREJO, a disabled person,  )<br><br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALTER SCRAP METAL, INC.,  )<br>ALTER TRADING CORPORATION  )<br>d/b/a ALTER METAL RECYCLING,  )<br>)<br>Defendants.  ) | No. 08-cv-4034 |

## **O P I N I O N   &   O R D E R**

Before the Court is Defendants' Motion to Transfer Venue, filed on August 25, 2008 (Doc. 9). For the reasons stated below, the motion is GRANTED. This case is transferred to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

### BACKGROUND

Plaintiff, as guardian of a disabled person who was severely injured in an on-the-job forklift accident, filed suit in this Court on June 25, 2008 (Doc. 1). On June 30, 2008, Magistrate Judge Gorman issued an Order indicating that, after a review of the Complaint, it appeared that this lawsuit bore no connection whatsoever to the Central District of Illinois (Doc. 4). In that Order, Judge Gorman directed Plaintiff to explain his selection of venue. In compliance with the June 30 Order, Plaintiff filed a brief in support of his venue selection on July 10, 2008 (Doc. 5). On July 15,

2008, Judge Gorman entered an Order allowing the case to proceed in this Court but notifying Plaintiff that the Court may revisit the issue of venue (Doc. 7).  On August 25, 2008, Defendants filed a Motion to Transfer Venue, requesting a transfer of this action to the United States District Court for the Southern District of Mississippi, Hattiesburg Division (Doc. 9).  Plaintiff's response to this motion was due by September 11, 2008.  Plaintiff did not file and has not filed a response.

## ANALYSIS

The parties agree that venue is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391.  Defendants operate scrap metal processing yards that are located in Peoria and Quincy, Illinois.  Therefore, Defendants reside in this federal judicial district for purposes of the venue statute.  However, the Court finds that, as a practical matter, this case is more appropriately decided in the Southern District of Mississippi, Hattiesburg Division.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action, "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district or division where the plaintiff could have originally filed suit.  In order for a district court to transfer a civil action to another venue, three requirements must be met: (1) venue must be proper in the transferor district; (2) venue and jurisdiction must be proper in the transferee district; and (3) the transfer must serve the convenience of the parties and witnesses and must generally promote justice.  See Plotkin v. IP Axess, Inc., 168 F. Supp.2d 899, 902 (N.D. Ill. 2001). Although the decision to transfer venue is within the sound discretion of the district court, the

party seeking a transfer bears the burden of demonstrating that the transferee forum is clearly more convenient.  Id.; Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).

As noted above, venue is proper in this, the transferor judicial district.  Venue is also proper in the Southern District of Mississippi, Hattiesburg Division, which is the proposed transferee division.  Plaintiff could have originally filed this action in the Southern District of Mississippi, Hattiesburg Division because that court has personal jurisdiction over Defendants[1] and because the events giving rise to the instant suit occurred in one of Defendants' processing yards located at 600 East Sixth Street in Hattiesburg, Mississippi.  (Defs.' Ex. A, Shemper Aff. ¶ 2); 28 U.S.C. § 1391(a).  Therefore, the first two requirements for a transfer of venue are satisfied.

Whether the third requirement is met requires the Court to consider the following factors: (a) the plaintiff's choice of forum; (b) the situs of events giving rise to the suit; (c) ease of access to evidence; (d) convenience of the parties and witnesses.  Plotkin, 168 F. Supp.2d at 902.  Among these factors, the plaintiff's choice of forum is accorded substantial weight if it is also the plaintiff's home forum.

---

[1] Defendants, by moving for the transfer of venue to the Southern District of Mississippi, have waived any objection to the personal jurisdiction of that court.  In any event, it is clear that Mississippi courts have personal jurisdiction over Defendants, as Defendants conduct regular business operations in that state.  See Miss. Code. § 13-3-57; see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986) (federal district court sitting in diversity borrows the long-arm statute of the state in which it sits to determine whether it has personal jurisdiction).

<u>Id.</u>  However, the plaintiff's forum choice is accorded less deference if the selected forum is not the plaintiff's home forum.  <u>Id.</u>

The Central District of Illinois is not Plaintiff's home forum.  Moses Trejo resides in Cook County, Illinois, which county is encompassed by the Northern District of Illinois.  (Compl. ¶ 1-2).  It appears that Alfonso Trejo also resides in Cook County.  (Compl. ¶ 18; Def.'s Mtn to Transfer Venue ¶ 3).  In his Brief in Support of Venue, Plaintiff points out that relevant medical providers and medical records are located in Illinois.  But Plaintiff does not indicate to the Court that these potential witnesses and documents are located in the Central District of Illinois.  Accordingly, consideration (a) cuts against Plaintiff's choice of venue.

The forklift accident that is at the core of this dispute occurred at Defendants' scrap metal processing yard in Hattiesburg, Mississippi.  (Compl. ¶¶ 13-15).  Virtually all of the eye-witnesses to the event reside in or near Hattiesburg.  (Shemper Aff. ¶ 13).  Many other pieces of potentially relevant evidence, including medical records from a period of Plaintiff's hospitalization that occurred immediately after the forklift accident, are located in Hattiesburg.  (Shemper Aff. ¶¶ 14-17).  Accordingly, the remaining considerations, (b), (c), and (d) also cut against Plaintiff's choice of venue.

This Court's decision to transfer venue would likely be different if the Central District of Illinois were Plaintiff's home forum.  It appears, from the information provided to the Court, however, that Plaintiff's home forum is the Northern District of Illinois.  Frankly, the Court is perplexed as to why Plaintiff did not file suit in

that district.  Nonetheless, the Court does not believe that it will be unduly burdensome for Plaintiff to litigate this matter in the Southern District of Mississippi, Hattiesburg Division.  If Plaintiff did find it extraordinarily difficult to litigate this case in Mississippi, he would have likely indicated as much in a response to Defendants' Motion to Transfer Venue.  Plaintiff, however, did not file a response.

## CONCLUSION

In the Court's discretion, and for the reasons stated above, this case is hereby transferred to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

CASE TERMINATED.

Entered this 24th day of November, 2008.

> s/ Joe B. McDade
> JOE BILLY MCDADE
> United States District Judge