# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MOSES TREJO,** *Guardian of Estate*                                    **PLAINTIFF**
*of Alfonso Trejo, a disabled person*

**VERSUS**                                           **CIVIL ACTION NO. 2:08cv257-KS-MTP**

**ALTER SCRAP METAL, INC., ET AL.**                                    **DEFENDANTS**

## ORDER

THIS MATTER is before court on the Plaintiff's Motion [69] to Compel Discovery. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [69] should be granted in part and denied in part.

In his Motion [69], Plaintiff seeks the production of certain photographs of the accident scene taken on July 11, 2007, and the written statement of Terry Buse, Jr. In Response [74], Defendants claim that the photographs are protected by the work-product privilege. They further claim that Plaintiff cannot show a substantial need for the photographs because they have been provided with other photographs of the accident, which constitute a substantial equivalent. Regarding the written statement of Terry Buse, Jr., Defendants state that after a diligent search, they are unable to locate such a document.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). However, "those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial

equivalent by other means." *Id.*

Assuming that the photographs at issue are protected by the work-product privilege, the court finds that Plaintiff has demonstrated that he has substantial need for the photographs and cannot obtain their substantial equivalent by other means. Because of Plaintiff's head injuries, he has little to no memory of the event and/or cannot communicate what the scene looked like on the date of the accident. Accordingly, Plaintiff claims that these photographs are the only visual evidence of how the scene appeared on the date of the accident.

Defendants claim that Plaintiff is not entitled to the photographs because they have produced other photographs of the scene, which constitute the substantial equivalent of the photographs. However, as Plaintiff points out, the produced photographs were taken over a week after the accident, where the withheld photographs were taken within hours of the accident. Moreover, while Defendants argue that they have produced a hand-written sketch of the scene drawn by the Defendant involved in the accident, and that the Defendant testified as to the layout of the scene, the court agrees with Plaintiff that verbal testimony and a written sketch do not constitute the substantial equivalent of the photographs. *See Zoller v. Conoco, Inc.*, 137 F.R.D. 9, 10 (W.D. La. 1991) (holding that plaintiff demonstrated a substantial need for the withheld photographs and the present inability to obtain a substantial equivalent). In *Zoller*, the court reasoned,

> A verbal description of a given area cannot substitute for photographs of the location. The description may omit relevant information such as whether certain signs were posted or whether certain items were present. . . . [A] picture is certainly worth a thousand words to a jury, as well as to witnesses who may be unable to separate their recollection of the site as it appeared then from the present appearance of the site.

*Zoller*, 137 F.R.D. at 10. Accordingly, Plaintiff is entitled to the photographs taken on the date

2

of the accident.

Regarding the written statement of Terry Buse, Jr., Defendants have represented in a pleading signed under Rule 11 that after a reasonable and diligent search, they are unable to locate such a document. In addition, Defendants have submitted an affidavit from one of their attorneys identifying his efforts to locate such a document. (Ex. H to Resp. [74-2].) The court finds that this representation is more than sufficient, and no further affidavit from Defendants will be required.[1] Therefore, this portion of Plaintiff's motion is denied. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion [69] is GRANTED in part and DENIED in part.
2. Plaintiff's request for the photographs taken of the scene on July 11, 2007 is granted. Defendants shall produce the photographs by August 31, 2009.
3. Plaintiff's requests for the written statement by Terry Buse, Jr., and for an affidavit by an Alter employee regarding the search for same, is denied.

SO ORDERED this the 24th day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] The motion further indicates the Plaintiff has taken Mr. Buse's deposition and, therefore, has obtained his recollection of the events at issue.